1
2
3
4
5
6
7
8

DISTRICT COURT OF GUAM

TERRITORY OF GUAM

9
10
11
12
13
14

| JOHN R. DEMOS, JR., | |
| Petitioner, | Civil Case No. 09-00024 |
| vs. | **OPINION AND ORDER** |
| THE STATE OF WASHINGTON, AND THE UNITED STATES, | |
| Respondent. | |

15   The Petitioner John R. Demos, Jr. ("the Petitioner") filed, *pro se*, a Motion for

16 Declaratory Ruling, or in the Alternative a Writ of Habeas Corpus ("Motion"), requesting this

17 court issue a ruling and set the matter for trial. *See* Docket No. 1. The Petitioner has also

18 requested *in forma pauperis* status by filing an Application to Proceed In District Court Without

19 Prepaying Fees or Costs. *See* Docket No. 2. Pursuant to Local Civil Rule 7.1(e)(3), this matter

20 is appropriate for decision without the need for oral argument.[1] For the reasons contained herein,

21 the court **HEREBY DENIES** both the Petitioner's request to proceed *in forma pauperis* and his

22 Motion, and accordingly **DISMISSES** the case.

23   The Petitioner is confined at a Washington State corrections facility. *See* Docket No. 1.

24 His *pro se* Motion names as respondents both the State of Washington and the United States. *Id.*

25 He avers that "he is being restrained of his liberty illegally, and in contravention of the U.S.

26

27   [1] Local Civ. R. 7.1(e)(3) states "[i]n cases where the parties have requested oral argument,
such oral argument may be taken off calendar by Order of the Court, in the discretion of the Court,
28 and a decision rendered on the basis of the written materials on file."

Constitution, treaties, and laws of the United States." *Id.* He makes a number of arguments which reference treaties made with "Indians of the Pacific Northwest," as well as "the United Nations Headquarters Agreement Act," and the United Nations Charter on Human Rights *Id.* He also cites the Washington State Constitution and the United States Constitution. *Id.* It appears that, *inter alia,* the Petitioner is challenging the authority of certain treaties and the authority of federal officials to enter such treaties, the authority of the United Nations, and the authority of the United States to establish the Washington territory. *Id.* He also requests clarification on the "dividing line" between cruel punishment and unusual punishment. *Id.*

## A. Request to Proceed *In Forma Pauperis*

Proceedings *in forma pauperis* are governed by 28 U.S.C. § 1915, which states in relevant part:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). The court notes that the Petitioner has filed numerous lawsuits throughout the United States; in federal district and appellate courts, the United States Supreme Court, as well as the Court of Federal Claims, and Court of International Trade.[2] The Ninth Circuit concluded that he "has abused the privilege of filing actions in forma pauperis in th[e] court."

---

[2] *See, e.g.*, *Demos v. The State of Washington*, No. 4:09-cv-00491-REL (S.D. Iowa, Dec. 3, 2009) (dismissing the complaint without substantive review because, *inter alia*, Demos did not pay the filing fee and venue was improper) ; *Demos v. U.S. Dist. Ct.*, 925 F.2d 1160 (9th Cir. 1991) (Ninth Circuit directed the clerk "to return to Demos any petition seeking an extraordinary writ or directed toward the United States District Courts for the Eastern and Western Districts of Washington" unless the filing fee is paid); *Demos v. Storrie*, 507 U.S. 290 (1993) (per curiam) (U.S. Supreme Court recognized "Demos' continued course of abusive filings" and thus directed "the Clerk to reject all future petitions for certiorari from Demos in noncriminal matters unless he pays the docketing fee required by Rule 38 and submits his petition in compliance with Rule 33"); *Demos v. United States*, Consol. Ct. No. 07-00014, Slip Op. 07-82 (United States Court of International Trade dismissed case with prejudice and restricted Demos from filing future complaints without advance approval of judge).

*Demos v. U.S. Dist. Ct.*, 925 F.2d 1160 (9th Cir. 1991). The Tenth Circuit recognized that the Petitioner "has accumulated at least three strikes in federal court" and barred him from "proceed[ing] in forma pauperis in civil actions in federal court." *Demos v. Keating*, 33 Fed. Appx. 918, 2002 WL 121562 (10th Cir. Jan. 30, 2002) (unpublished). In fact, the Petitioner has previously filed, in this court, a "Petition for Writ of Habeas Corpus Under 28 U.S.C., 2241. 2242, 2243, 2244" which this court dismissed. *See* Civil Case No. 01-00059.

It appears to this court that the Petitioner has, on at least three prior occasions while incarcerated, "brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(g). Thus, pursuant to § 1915(g), he must be "under imminent danger of serious physical injury" in order to be granted *in forma pauperis* status. Nothing in his Motion indicates that the Petitioner is in such imminent danger. Accordingly, the court **DENIES** the Petitioner's request to proceed *in forma pauperis*.

**B. Request for Declaratory Ruling**

The Petitioner, as stated above, requests this court issue declaratory rulings on a number of issues. Under the Declaratory Judgment Act, "any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201. This act "confer[s] on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286, (1995).

"In determining whether to exercise declaratory jurisdiction, federal courts should consider whether a declaratory judgment will serve a useful purpose in clarifying and settling the legal relations between the parties, and whether it will terminate the controversy." *Los Angeles County Bar Ass'n v. Eu*, 929 F.3d 697, 703 (9th Cir. 1992). Nothing in the Petitioner's filing convinces this court that the exercise of discretion would serve a useful purpose, clarify legal relations, or terminate controversy. Indeed, the arguments and questions in his filing make little

///

///

sense.[3] There would not be any useful purpose gained, nor would any legal relations be clarified, by answering any question raised in his Motion. Furthermore, issuing a ruling on this matter would only continue, and not terminate, controversy. Therefore, the court declines to exercise its discretion to issue a declaratory ruling.

**C. Writ for Habeas Corpus**

The Petitioner requests, in the alternative, that the court issue a writ of habeas corpus. As concluded in his previously filed case, CV01-00059, this court lacks jurisdiction pursuant to 28 U.S.C. § 2241.

Accordingly, based upon the foregoing, the court **HEREBY DENIES** both the Petitioner's request to proceed *in forma pauperis* and his Motion, and accordingly **DISMISSES** the case.

**SO ORDERED.**



**/s/ Frances M. Tydingco-Gatewood**
 **Chief Judge**
**Dated: Dec 16, 2009**

---

[3] For example, the Petitioner asks this court to issue a declaratory ruling upon on certain specific questions, including:
  "Is the United Nations Headquarters in New York a sovereign entity?"
  "Is Washington State, created out of land located in the Pacific Northwest, in violation of the 1818 Joint Occupation Agreement? If so, what is the constitutional remedy?"
  "By what authority does the Vice-President, or the Lt. Governor of a state wear (2) hats?" Docket No. 1.